**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-24961-ALTMAN/Hernandez**

**IN RE MATTER OF**
**SOUTH BEACH WATERSPORTS**,

    *Petitioner.*

_____/

**<u>ORDER</u>**

Before the Court is Plaintiff's[1] Motion for Entry of Order Approving Letter (the "Motion"), [ECF No. 3].[2]  For the following reasons, the Motion is **DENIED without prejudice**.

**BACKGROUND**

On July 22, 2026, South Beach Watersports, LLC, filed the Petition under the Limitation of Liability Act ("Act"), 46 U.S.C. §§ 30501, et seq., and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule F"), for exoneration from—or limitation of liability for—any damages and injuries sustained by potential claimants following a collision between two jet skis (hereafter, Vessels 1 and 2) navigating in United States waters.  *See* [ECF No. 1; ECF No. 3 ¶ 1].  Plaintiff is a boat rental business incorporated in Florida and the owner of Vessels 1 and 2.  [ECF No. 1 ¶¶ 5–8].

On November 16, 2025, Plaintiff rented Vessels 1 and 2 to four people: Tyler Mills, Cydnee Carter, Solomon Worthy, and Jalyn Massey.  *Id.* ¶ 11.  Mills signed up to operate Vessel 1, with Cater as passenger.  *Id.* ¶ 15.  Worthy operated Vessel 2, with Massey as passenger.  *Id.* ¶ 16.  While both

---

[1] "A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as plaintiff."  *Everglades Airboat Mgmt., LLC v. Unknown Claimants*, No. 2:25-CV-659-KCD-NPM, 2025 WL 2719058, at *1 (M.D. Fla. Sept. 24, 2025) (citing Supplemental Rule F).  We therefore refer to South Beach Watersports, LLC, as plaintiff.

[2] The Honorable Roy K. Altman referred all pre-trial non-dispositive and discovery matters, including the Motion, to us.  [ECF No. 5].

vessels were traveling south in Biscayne Bay, Vessel 2 crossed in front of Vessel 1 and slowed down. *Id.* ¶ 17. Vessel 1 then collided with Vessel 2's stern, "ramping up into [Jalyn] Massey who was sitting behind Solomon Worthy." *Id.* Massey claims she was injured during the collision. *Id.* ¶ 18. Plaintiff claims it neither caused nor contributed to the collision. *Id.* ¶ 19. Plaintiff further alleges it "acted like a reasonable prudent personal watercraft livery and vessel owner under the circumstances and employed regular inspection practices to ensure [Vessels 1 and 2] were properly equipped and seaworthy." *Id.* ¶ 21.

Plaintiff brings a claim for exoneration (Count I) or, alternatively, limitation of liability (Count II). *Id.* ¶¶ 20–27. Specifically, Plaintiff seeks release from liability for all claims related to the collision. *Id.* ¶ 23. If, however, Plaintiff is found negligent, it seeks to limit liability to the post-loss value of Vessels 1 and 2 (about $23,000). *Id.* ¶¶ 7, 9, 26–27; [ECF No. 3 ¶ 4].

The day after filing the Petition, Plaintiff filed the instant Motion. Attached to the Motion is a letter of undertaking ("Letter of Undertaking") from Plaintiff's insurer, O2 Sports Insurance, Inc. of Lloyd's Insurance ("Lloyd's"). [ECF No. 3-3]. In this letter, Lloyd's agreed to:

> [P]ay and satisfy [a final judgment against Petitioner], plus interest at 6% from the date of this Letter of Undertaking, and costs, up to and not exceeding of [sic] Nine Thousand Seven Hundred Eighty-Eight Dollars and Zero Cents ($9,788.00) for [Vessel 1] and Thirteen Thousand Two Hundred Thirty Dollars and Ninety-Five Cents ($13,230.95) for [Vessel 2].

*Id.* at 2–3.

In the Motion, Plaintiff asks that the Court: (1) approve the Letter of Undertaking; (2) set a monition period for which any claimant must appear and bring a claim against Plaintiff; and (3) impose an injunction staying prosecution of any claim related to the accident in any other forum. [ECF No. 3 ¶¶ 5–7].

**ANALYSIS**

The Letter of Undertaking caps coverage at the value of Vessels 1 and 2, but Supplemental Rule F requires a security that includes fees and interest *as well as* the vessels' worth. Because the Letter of Undertaking fails to satisfy Supplemental Rule F, we deny the Motion.

The Act allows vessel owners to confine their liability for damages or injuries from a maritime accident to either the vessel's value or their interest in the vessel[3] and its freight, provided the accident occurred without the owner's privity or knowledge. 46 U.S.C. § 30523; *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). Federal courts have "exclusive admiralty jurisdiction" to determine whether a shipowner is entitled to such a limitation of liability. *Beiswenger*, 86 F.3d at 1036–37 (citations omitted).

"The procedures for seeking exoneration from or limitation of liability for damage are governed by both [the Act] and [Supplemental Rule F]." *In re Westgate Resorts, Ltd.*, No. 8:24-cv-912-TPB-NHA, 2024 WL 3597165, at *1 (M.D. Fla. July 31, 2024). Supplemental Rule F(1) deals with security. Under that provision, the vessel owner "shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or *approved security therefor*," and "security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Fed. R. Civ. P. Supplemental Rule F(1); *see also In re Westgate Resorts, Ltd.*, 2024 WL 3597165, at *1. "Put another way, a vessel owner may fulfill his obligations under [the Act] in one of three ways: 1) physically surrendering the vessel and pending freight to a trustee; 2) depositing cash equal to the amount of the owner's interest in the vessel and pending freight with the court; or 3) posting approved security." *In re Nat'l Maint. & Repair, Inc.*, No. 09-CV-671, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009).

The third option is "by far the most common procedure." *In re Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 901 (S.D.N.Y.1979). "Approved security" includes letters of

---

[3] The Eleventh Circuit has held that jet skis constitute "vessels" for purposes of the Act. *Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1230 (11th Cir. 1990).

undertaking. *Id.* at 902. Of particular relevance here, when a plaintiff opts to deposit a security in lieu of cash, they must *also* cover interest.

Once a petitioner satisfies Supplemental Rule F(1)'s bond condition, the Act and the Supplemental Rules require a court to: (1) stay all other claims and proceedings against the petitioner that are related to the incident involving the subject vessel; and (2) issue a notice, also called a "monition," to all potential claimants, informing them to file their claims with the clerk of court and to serve the attorneys for the petitioner within a specific time. *In re Petition of Paradise Family*, LLC, 2024 WL 3377796, at *1; Supp. R. F(4); 46 U.S.C. § 30529(c) (requiring that "all claims and proceedings against the owner related to the matter in question shall cease" once Supplemental Rule F(1)'s bond condition is satisfied). *See also* S.D. Fla. L.R. F(1).

In the Letter of Undertaking Petitioner offered to support the Motion, Lloyd's agrees to satisfy a final judgment, "plus interest at 6% from the date of this Letter of Undertaking, and costs, *up to and not exceeding*" the value of Vessels 1 and 2. [ECF No. 3-3 at 2–3 (emphasis added)]. Lloyd's further agrees "to file a bond in form and sufficiency with a surety satisfactory to the Court" for the combined value of Vessels 1 and 2, $23,018.95. *Id.* Petitioner also attached, as proof of valuation, the bills of sale for Vessels 1 and 2, [ECF Nos. 3-1 & 3-2].

But the fact that Lloyd's will satisfy a judgment "up to and not exceeding" the value of Vessels 1 and 2 fails a key component of Supplemental Rule F. Recall that, when plaintiffs provide a surety, they must cover not only the value of the subject vessel, but "costs and . . . interest at the rate of 6 percent per annum from the date of the surety." Fed. R. Civ. P. Supplemental Rule F(1). The "up to and not exceeding" caveat turns the value of Vessels 1 and 2 into a coverage ceiling. *See* [ECF No. 3-3 at 2–3]. Should the judgment, inclusive of costs and interest, exceed that ceiling, the surety would fall short.

At least one court has found insufficient, for Supplemental Rule F purposes, a letter of undertaking that pledged only the value of the subject vessel. *See Matter of Mead*, No. 3:25-CV-862-WWB-SJH, 2026 WL 851388, at *2 (M.D. Fla. Jan. 23, 2026) (rejecting as inadequate surety a letter of

undertaking providing coverage for "final judgment, plus interest at 6% . . . and costs, *up to and not exceeding* fifteen thousand dollars") (emphasis added); *cf. Matter of Onyx Servs. LLC*, No. 3:23-CV-308-BJD-JBT, 2023 WL 2808298, at *1 (M.D. Fla. Apr. 6, 2023) (approving letter of undertaking covering "no more than the amount of $275,000.00, *plus costs and interest* at a rate of 6 percent per annum"). Importantly, the Letter of Undertaking Petitioner attaches differs from the ones in their cited authorities.  In *Southwind Fin., Ltd.*, No. 2:21-CV-376-JES-NPM, 2021 WL 1968358 (M.D. Fla. May 17, 2021), the insurer agreed to cover a judgment "*up to* 46,500, *with* interest at 6 percent per annum . . . and costs."  *Id.* at *1 (emphasis added).  Here, "up to" comes at the end of the Letter of Undertaking's coverage clause, which limits payment to the total combined value of Vessels 1 and 2— as opposed to limiting payment to the vessels' value *plus* interest and costs.  And in *In re Complaint of Offshore of the Palm Beaches*, No. 12-80250-CIV-HURLEY, 2012 WL 12872746, the letter of undertaking provided that the plaintiff or its insurer would cover "the sum of [subject vessel's value] *with* interest . . . at an annual rate of six percent (6%)."  Dkt. 5 (emphasis added).  In that case, the maximum payout was the vessel's value, plus the appropriate interest and fees.

Accordingly, Petitioner must present this Court with a revised letter of undertaking that complies with the requirements of Supplemental Rule F(1).

Accordingly, it is **ORDERED** that the Motion, [ECF No. 3], is **DENIED without prejudice**.

**DONE AND ORDERED** in the Southern District of Florida on August 7, 2026.

_____

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc:      counsel of record