**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-24961-ALTMAN/Hernandez**

**IN RE MATTER OF**
**SOUTH BEACH WATERSPORTS**,

*Petitioner.*
__________________________________/

# ORDER

Before the Court is Plaintiff's[1] Renewed Motion for Entry of Order Approving Letter of Undertaking, Restraining Prosecution of Claims and Directing Issuance of Notice of Claimants (the "Motion"), [ECF No. 13].[2] The Motion follows a prior motion seeking the same relief, [ECF No. 3], which the Court denied, [ECF No. 12], because Plaintiff failed to satisfy the security requirements. Plaintiff has submitted new documentation, which remains deficient. In brief, although there are two vessels at issue in this case, Plaintiff's revised Letter of Undertaking only covers one of them, precluding their requested relief. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Because the Court's prior order went into some detail, [ECF No. 12], the factual summary here is brief. Plaintiff is a boat rental business incorporated in Florida. [ECF No. 1 ¶ 5]. In November 2025, two of its rented jet skis ("Vessels") collided, and one of the renters claimed she was injured during the accident. *Id.* ¶¶ 11, 15–19. That prompted Plaintiff to file a petition under the Limitation of Liability Act ("Act"), 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain

---

[1] "A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as plaintiff." *Everglades Airboat Mgmt., LLC v. Unknown Claimants*, No. 2:25-CV-659-KCD-NPM, 2025 WL 2719058, at *1 (M.D. Fla. Sept. 24, 2025) (citing Supplemental Rule F). We therefore refer to South Beach Watersports, LLC, as plaintiff.

[2] The Honorable Roy K. Altman referred all pre-trial non-dispositive and discovery matters in this case to us. [ECF No. 5].

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule F"), for exoneration from—or limitation of liability for—any damages and injuries stemming from the collision. *See* [ECF No. 1; ECF No. 3 ¶ 1; ECF No. 13 ¶ 1]. Specifically, Plaintiff brings a claim for exoneration (Count I) or, alternatively, limitation of liability (Count II). [ECF No. 1 ¶¶ 20–27]. On this second point, Plaintiff seeks to limit any future judgment to the post-loss value of the two Vessels involved in the collision (about $23,000). *Id.* ¶¶ 7, 9, 26–27; [ECF No. 3 ¶ 4; ECF No. 13 ¶ 1].

The day after filing the Petition, Plaintiff filed a motion seeking approval of a Letter of Undertaking, among other relief. [ECF No. 3 ¶¶ 5–7]. In the Letter of Undertaking, Plaintiff's insurer, O2 Sports Insurance, Inc. of Lloyd's Insurance ("Lloyd's") agreed to pay any final judgment against Plaintiff *up to* the Vessels' combined value. [ECF No. 3-3 at 2–3]. The Court denied the motion because Supplemental Rule F requires a guarantee covering fees and interest *in addition to* the vessels' worth. [ECF No. 12 at 3].

On September 3, 2026, Plaintiff submitted the Motion, renewing its prior requests and submitting a new Letter of Undertaking (the "Updated LOU"). The Updated LOU provides:

> In the event of a final judgment, not subject to appeal, be [sic] entered in favor of a claimant, against Petitioner as the owner of the Vessels, Lloyd's agrees to pay and satisfy the final judgment in the amount of Nine Thousand Seven Hundred Eighty-Eight Dollars and Zero Cents ($9,788.00) representing the Vessels' value, *plus* interest at 6% per annum from the date of this Letter of Undertaking, *and* costs.
>
> [ECF No. 13-3 (emphasis in original)].

Although the Updated LOU references both Vessels, it agrees to satisfy a final judgment up to the value of one vessel only. *Compare id.*, *with* [ECF No. 13 ¶¶ 2–3; ECF Nos. 13-1 & 13-2]. Accordingly, the Updated LOU is still deficient, and the Motion is due to be denied.

## ANALYSIS

The Act allows vessel owners to confine their liability for damages or injuries from a maritime accident to the value of their interest in the vessels[3] involved in the accident, provided the accident occurred without the owner's privity or knowledge. 46 U.S.C. § 30523(a); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). Federal courts have "exclusive admiralty jurisdiction" to determine whether a shipowner is entitled to such a limitation of liability. *Beiswenger*, 86 F.3d at 1036–37 (citations omitted).

"The procedures for seeking exoneration from or limitation of liability for damage are governed by both [the Act] and [Supplemental Rule F]." *In re Westgate Resorts, Ltd.*, No. 8:24-cv-912-TPB-NHA, 2024 WL 3597165, at *1 (M.D. Fla. July 31, 2024). Under Supplemental Rule F(1), the vessel owner "shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor," and "security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Supplemental Rule F(1); *see also In re Westgate Resorts, Ltd.*, 2024 WL 3597165, at *1. "Put another way, a vessel owner may fulfill his obligations under [the Act] in one of three ways: 1) physically surrendering the vessel and pending freight to a trustee; 2) depositing cash equal to the amount of the owner's interest in the vessel and pending freight with the court; or 3) posting approved security." *In re Nat'l Maint. & Repair, Inc.*, No. 09-CV-671, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009). "Approved security" includes letters of undertaking. *In re Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979).

In the Updated LOU, Lloyd's agrees to satisfy a final judgment, "in the amount of Nine Thousand Seven Hundred Eighty-Eight Dollars and Zero Cents ($9,788.00) representing the Vessels' value, *plus* interest at 6% per annum from the date of this Letter of Undertaking, *and* costs." [ECF

---

[3] The Eleventh Circuit has held that jet skis constitute "vessels" for purposes of the Act. *Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1230 (11th Cir. 1990).

No. 13-3 at 2–3 (emphasis in original)]. But, by Plaintiff's own account, $9,788 represents only *Vessel 1's* value. *See* [ECF No. 13 ¶ 2]; [ECF No. 13-1]. Accordingly, the Updated LOU falls short as security in this case. What's more, Plaintiff appears confused about the letter's contents. In the Motion, Plaintiff cites completely different language from what appears in the Updated LOU. *Compare* [ECF No. 13 ¶ 4], *with* [ECF No. 13-3 at 2–3]. In Plaintiff's quote, the operative language *does* cover both vessels. But given the significant discrepancy between Plaintiff's representations and its proffered evidence, the Court cannot grant relief. The Court will, however, give Plaintiff another chance to get it right.

Accordingly, it is **ORDERED** that the Motion, [ECF No. 13], is **DENIED without prejudice**.

**DONE AND ORDERED** in the Southern District of Florida on September 15, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record