**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-24961-ALTMAN/Hernandez**

**IN RE MATTER OF**
**SOUTH BEACH WATERSPORTS**,

*Petitioner.*
_______________________________/

# ORDER

Before the Court is Plaintiff's[1] Second Renewed Motion for Entry of Order Approving Letter of Undertaking, Restraining Prosecution of Claims and Directing Issuance of Notice of Claimants (the "Motion"), [ECF No. 15].[2] The Motion follows two prior motions seeking the same relief, [ECF Nos. 3 & 13], both of which were deficient, [ECF Nos. 12 & 14]. Plaintiff has submitted the appropriate documentation, and so the Motion is GRANTED.

## BACKGROUND

Because the Court's prior orders went into some detail, [ECF Nos. 12 & 14], we review the facts only briefly. Plaintiff is a jet ski rental business incorporated in Florida. [ECF No. 1 ¶ 5]. In November 2025, two of its rented jet skis ("Vessels") collided, and one of the renters claimed she was injured during the accident. *Id.* ¶¶ 11, 15–19. That prompted Plaintiff to file a petition under the Limitation of Liability Act ("Act"), 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule F"), for exoneration from—or limitation of liability for—any damages and injuries stemming from the collision. *See* [ECF No. 1; ECF No. 3 ¶ 1; ECF No. 13 ¶ 1; ECF No. 15 ¶ 1]. Specifically,

---

[1] "A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as plaintiff." *Everglades Airboat Mgmt., LLC v. Unknown Claimants*, No. 2:25-CV-659-KCD-NPM, 2025 WL 2719058, at *1 (M.D. Fla. Sept. 24, 2025) (citing Supplemental Rule F). This Order therefore refers to South Beach Watersports, LLC, as plaintiff.

[2] The Honorable Roy K. Altman referred the Motion to us. [ECF No. 16].

Plaintiff brings a claim for exoneration (Count I) or, alternatively, limitation of liability (Count II). [ECF No. 1 ¶¶ 20–27]. On this second point, Plaintiff seeks to limit any future judgment to the post-loss value of the two Vessels involved in the collision (about $23,000). *Id.* ¶¶ 7, 9, 26–27; [ECF No. 3 ¶¶ 2–4; ECF No. 13 ¶¶ 2–4; ECF No. 15 ¶¶ 2–4].

The day after filing the Petition, Plaintiff filed a motion seeking approval of a Letter of Undertaking, among other relief. [ECF No. 3 ¶¶ 5–7]. In the Letter of Undertaking, Plaintiff's insurer, O2 Sports Insurance, Inc. of Lloyd's Insurance ("Lloyd's") agreed to pay any final judgment against Plaintiff *up to* the Vessels' combined value. [ECF No. 3-3 at 2–3]. The Court denied the motion because Supplemental Rule F requires a guarantee covering fees and interest *in addition to* the vessels' worth. [ECF No. 12 at 3].

On September 3, 2026, Plaintiff submitted a revised motion, renewing its prior requests and submitting a new Letter of Undertaking (the "Updated LOU"). [ECF Nos 13 & 13-3]. The Updated LOU, however, covered only one of the two vessels and thus failed to satisfy the statutory security requirements. *See* [ECF No. 13-3 at 2–3; ECF No. 14 at 3–4]. On September 29, 2026, Plaintiff filed the instant Motion, which satisfies the statutory requirements. The Motion attaches a New Letter of Undertaking ("New LOU"), which provides:

> In the event of a final judgment, not subject to appeal, is entered in favor of a claimant, against Petitioner as the owner pro hac vice of the Vessels, Lloyd's agrees to pay and satisfy the final judgment in the amount up to and including Twenty-Three Thousand, Eighteen Dollars and Ninety-Five Cents ($23,018.95) which totals the Nine Thousand Seven Hundred Eighty-Eight Dollars and Zero Cents ($9,788.00) value of the 2023 Sea-Doo bearing hull identification number YDA9901F323 and Thirteen Thousand Two Hundred Thirty Dollars and Ninety-Five Cents ($13,230.95) value of the 2025 Sea-Doo bearing hull identification number YDV38561B525, plus interest at 6% per annum from the date of this Letter of Undertaking, and costs. This agreement to pay is without prejudice to any claimant to obtain a judgment against the Petitioner in any amount that any claimant may obtain.

[ECF No. 15-3 at 2–3 (emphasis removed)].

The Motion also includes the bill of sale for the Vessels, which matches the coverage price in the New LOU. [ECF Nos. 15-1 & 15-2]. Because the Motion meets the statutory requirements, we grant it.

## ANALYSIS

The Act allows vessel owners to confine their liability for damages or injuries from a maritime accident to the value of their interest in the vessels[3] involved in the accident, provided the accident occurred without the owner's privity or knowledge. 46 U.S.C. § 30523(a); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). Federal courts have "exclusive admiralty jurisdiction" to determine whether a shipowner is entitled to such a limitation of liability. *Beiswenger*, 86 F.3d at 1036–37 (citations omitted).

"The procedures for seeking exoneration from or limitation of liability for damage are governed by both [the Act] and [Supplemental Rule F]." *In re Westgate Resorts, Ltd.*, No. 8:24-cv-912-TPB-NHA, 2024 WL 3597165, at *1 (M.D. Fla. July 31, 2024). Under Supplemental Rule F(1), the vessel owner "shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor," and "security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Supplemental Rule F(1); *see also In re Westgate Resorts, Ltd.*, 2024 WL 3597165, at *1. "Put another way, a vessel owner may fulfill his obligations under [the Act] in one of three ways: 1) physically surrendering the vessel and pending freight to a trustee; 2) depositing cash equal to the amount of the owner's interest in the vessel and pending freight with the court; or 3) posting approved security." *In re Nat'l Maint. & Repair, Inc.*, No. 09-CV-671, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009). "Approved security" includes letters of undertaking. *In re Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979).

---

[3] The Eleventh Circuit has held that jet skis constitute "vessels" for purposes of the Act. *Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1230 (11th Cir. 1990).

In the New LOU, Lloyd's agrees to satisfy a final judgment up to the value of the Vessels plus the required interest and costs. [ECF No. 15-3 at 2–4; ECF Nos. 15-1 & 15-2]. It therefore satisfies the relevant rule and statutory requirements.

Accordingly, it is hereby:

ORDERED AND ADJUDGED that:

1. The New LOU, [ECF No. 15-3], executed on September 17, 2026, by Dale Underwriting Partners on behalf of Lloyds for the value of the Vessels in the principal amount of $23,018.95 plus interest at a rate of 6% per annum from the date thereof and costs is hereby approved as to form, quantum, and surety.
2. Plaintiff and any claimant who may properly become a party hereto may contest the amount of value of Plaintiff's interest in the vessels and pending freight, if any, as fixed in said Letter of Undertaking, and may move the Court for the due appraisal of said interest and may apply to have the amount of said Letter of Undertaking be increased or decreased, as the case may be, upon the determination by the Court of the amount or value of said interest or to carry out the provisions of 46 U.S.C. § 30506 for personal injuries or death.
3. The notice attached to the Motion, [ECF No. 15-4], modified to reflect the date below, shall be issued by the Clerk of this Court advising and admonishing all persons asserting claims for any and all losses, damages, injuries, death, or destruction allegedly as a result of the occurrences and happenings recited in the Petition, to file their respective claims with the Clerk, United States District Court for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128 on or before **December 14, 2026**, and serve on Plaintiff's attorney, Richard Rusak, Esq., with Cole, Scott & Kissane, P.A., 9150 South Dadeland Boulevard, a copy thereof, or be defaulted and if any claimant desires to contest Plaintiff's right to exoneration from or limitation of liability, Claimant shall file and serve on Plaintiff's attorney an answer to the Petition, on or before said date, unless his/her claim has included an answer to the Petition so designated, or be defaulted.

4. Publication of the aforesaid notice in the form required by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure be published in a newspaper of general circulation in the Miami area, once a week for four successive weeks prior to the date fixed for the filing of claims in accordance with Supplemental Rule F.
5. The commencement or further prosecution of any action or proceeding against Plaintiff, the vessels, or any other property of Plaintiff with respect to any claims for which Plaintiff seeks exoneration from or limitation of liability herein, including any claim arising out of or incident to or connected with any loss, damage, injury, death or destruction, more fully described in the Petition, and the same is hereby restrained, stayed, and enjoined until the hearing and determination of this action.
6. Service of this Order as a restraining order may be made by mailing a conformed copy of it to the person or persons to be restrained, or to their respective attorneys, or alternatively, by hand delivery.
7. Plaintiff, no later than the second day of publication of the notice ordered herein, shall mail a copy of the notice to every person or entity known to have made a claim against Plaintiff or the vessels arising out of the incident more fully described in the Petition.

DONE AND ORDERED in the Southern District of Florida on October 14, 2026.



**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record